## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

PHILIP KOKOSKA

     Plaintiff,

     v.

CITY OF HARTFORD, et al.

     Defendants.

No. 3:12-cv-01111 (WIG)

<u>RULING ON PLAINTIFF'S MOTION IN LIMINE  [#93]</u>

Plaintiff, Philip Kokoska, brings this action against the City of Hartford and individual members of the City's Police Department (collectively "Defendants") under 42 U.S.C. § 1983, the Connecticut Constitution, and Connecticut common law, for damages he allegedly sustained as a result of Defendants' illegal search and seizure and use of excessive force in connection with his arrest on November 25, 2010.  Plaintiff has filed a motion in limine to exclude (1) the testimony of Officer Fogg; (2) the testimony of Officer Hernandez; (3) the video of Plaintiff's processing at the Hartford Police Department; (4) Defendants' incident reports; and (5) testimony by American Response employees, Dr. Price, and PA Baginski.

## I.  Testimony of Officer Fogg

Plaintiff seeks to preclude the testimony of Officer Fogg, who followed the ambulance carrying Plaintiff from the scene of his arrest to Hartford Hospital and who stood watch over Plaintiff while he was in the hospital.  According to Defendants, he will testify concerning his observations of Plaintiff, that Plaintiff was highly intoxicated, and that Plaintiff insulted the

police.  Plaintiff argues that the only purpose for this testimony is to attempt to color him with a bad character.  Additionally, Plaintiff maintains that, under the balancing test of Rule 403, Fed. R. Evid., this testimony should be excluded because its probative value is substantially outweighed by its potential for misleading the jury.  Defendants respond that this testimony is admissible to show the sequence of events on the evening in question and to show Plaintiff's level of intoxication, which is relevant to Plaintiff's ability to correctly perceive and recollect the events of the evening.

A similar issue was presented in *Roguz v. Walsh*, No. 09cv1052, 2013 WL 1498126, at **2, 3 (D. Conn. Apr. 5, 2013), involving testimony by two paramedics about their interactions with the plaintiff and their belief that he was intoxicated.  While their testimony as to their observations of the plaintiff would normally have been admissible under Rule 701,  the Court held that their testimony was not probative of the whether the defendant officer used excessive force, since they were not present at the scene to observe the facts and circumstances that confronted the officer when the use of excessive force allegedly took place.  *Id.* at *2. Additionally, the Court held that their testimony that the plaintiff was spitting and was abusive was inadmissible under Rule 404(b)(1), Fed. R. Evid., since it was being offered to show that the plaintiff acted in accordance with this bad behavior during the incident.  *Id.* at *3.  To the extent that this testimony was being offered to show that the plaintiff was intoxicated at the time of his encounter with the officer, the Court found that, although it was relevant on this issue, under Rule 403, Fed. R. Evid., the testimony was inadmissible because the danger of unfair prejudice substantially outweighed any probative value the testimony might have.  *Id.*

Following the reasoning of the Court in *Roguz*, the Court agrees that the testimony of

Officer Fogg should be excluded.  However, this ruling does not preclude its use as impeachment evidence.

## II.  Testimony of Officer Hernandez

Defendants have listed Officer Hernandez as a potential witness who will testify about Plaintiff's conduct at the Hartford Hospital.  There is no indication that Officer Hernandez was ever at the scene of the incident in question.  For the same reasons that the Court has ruled that Officer Fogg's testimony is inadmissible, likewise,the Court find that the testimony of Officer Hernandez is inadmissible.

## III.  The Video of Plaintiff's Booking at the Hartford Police Department

Defendants seek to introduce the video of Plaintiff's booking at the Hartford Police Department to establish the timeline of events; to contradict Plaintiff's assertion that Defendants delayed his access to medical care by leaving him on the sidewalk for an hour and then taking him to the police department for booking before taking him to the hospital; and to demonstrate the extent of Plaintiff's injuries.  Plaintiff asserts that the video is not relevant and is being introduced to show his bad character, in violation of Rule 404(b), Fed. R. Evid.

The Court has reviewed the video and concludes that it is relevant to the timeline of events and to the extent of Plaintiff's injuries.  Thus, it is admissible under Rule 401, Fed. R. Evid.  *See Amato v. City of Saratoga Springs*, 170 F.3d 311, 314 (2d Cir. 1999) (discussing relevance of the booking video to the plaintiff's injury claims).   Its relevance is not outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  *See* Rule 403, Fed. R. Evid.

As to Plaintiff's argument that it should be excluded because it is being used to show his

bad character, Rule 404(b), Fed. R. Evid., there is no question that Plaintiff was arrested.  It appears from the video that Plaintiff was cooperative during the booking process.  The Court fails to appreciate how this video could be viewed as showing Plaintiff's bad character.  Thus, the Court declines to exclude it under Rule 404(b), Fed. R. Evid.[1]

## IV. Investigatory Reports

Plaintiff next seeks to exclude Defendants' investigatory reports - the three Incident Reports, the three Use of Less Lethal Force Reports, and the Family Violence Report - on the grounds that they lack the requisite indicia of reliability under the business records and/or public records exception to the hearsay rule, Rules 803(6) and (8), Fed. R. Evid., and that the officers will be available to testify at trial.  In support of his allegation of unreliability, Plaintiff cites the fact that the reports were created in the context of an arrest that resulted in the hospitalization of the arrestee, which could motivate the officers to report the incident in their favor.

### A.  The Incident Reports

Rule 803(6), Fed. R. Evid., commonly referred to as the "business records exception" to the hearsay rule, has been applied to allow to allow the admission of police reports made in the regular course of police business and based upon information from eye witnesses.  *See, e.g., Rosario v. Amalgamated Ladies' Garment Cutters' Union*, 605 F.2d 1228, 1250 (2d Cir. 1979). Rule 803 (6) contains five requirements for the admission of a business record, the last of which provides that "neither the source of information nor the method or circumstances of preparation

---

[1] Plaintiff also seeks to exclude this video because it was not produced prior to the parties' filing their Joint Trial Memorandum.  Defendants, however, indicate that the video was produced in discovery responses dated March 13, 2013.  Plaintiff does not refute this statement. Therefore, the Court will not exclude the video on this basis.

indicate a lack of trustworthiness." Rule 803(6)(E), Fed. R. Evid.  The Second Circuit has held

that the business record exception rests upon the trustworthiness and reliability of such records.

*Saks International, Inc. v. M/V "Export Champion"*, 817 F.2d 1011, 1013 (2d Cir. 1987) ("The

principal precondition to admission of documents as business records pursuant to Fed. R. Evid.

803(6) is that the records have sufficient indicia of trustworthiness to be considered reliable.").

Recognizing the potential for self-serving statements by officers involved in excessive force

incidents, courts in this circuit have generally found that their incident reports were inadmissible under

Rule 803(6) because of the lack of indicia of reliability.  *See Pommer v. Vaughn*, No. 3:07cv537, 2009

WL 1490570, at *2 (D. Conn. May 27, 2009); *Lewis v. Velez*, 149 F.R.D. 474, 486 (S.D.N.Y. 1993).

In *Velez*, the district court held that the reliability of such police incident reports was undermined because

of the self-interest of the officers, who might be subject to disciplinary action for the use of excessive

force.  149 F.R.D. at 486.  Based upon the rationale of these cases, the Court concludes that the narrative

portions (entitled "Incident Details") of the incident reports are not admissible under the business records

exception to the hearsay rule, Rule 803(6).

Incident reports recounting an officer's personal acts and observations, however, may also be

admissible under the "public records exception" to the hearsay rule, set forth in Rule 803(8)(A)(ii), Fed.

R. Evid., which creates an exception for "matters observed while under a legal duty to report."  *See*

*Parsons v. Honeywell, Inc.*, 929 F.2d 901, 907 (2d Cir. 1991) (holding that a police report is admissible

under the public record exception); *see also Bolduc v. United States*, 265 F. Supp. 2d 153, 164 (D. Mass.

July 2, 2003)(holding that police reports containing first-hand observations of the officers are admissible

under the "public records and reports" exception to the hearsay rule), *aff'd*, 402 F.3d 50 (1st Cir. 2005);

*Colvin v. United States*, 479 F.2d 998, 1002 (9th Cir. 1973) (recognizing overlap between these two

exceptions).  To the extent that the report contains statements made by other individuals, there must be

an independent basis for admitting such statements.  *Id.*

5

Once again, however, this exception to the hearsay rule contains the qualification that "neither the source of information nor other circumstances indicate a lack of trustworthiness."  Rule 803(8)(B), Fed. R. Evid.   For the same reasons that the Court questioned the reliability of these reports under the business records exception - i.e., the potential self-interest of the officers in portraying their actions in the most reasonable light and the actions of Plaintiff in the most unfavorable light - the Court concludes that the narrative portions of these reports are not admissible.  This ruling, however, does not preclude the use of these reports to refresh a witness's recollection, if necessary.

**B.  The Use of Less Lethal Force Reports**

The public records exception to the hearsay rule, Rule 803(8), also encompasses "factual findings from a legally authorized investigation."  Rule 803(8)(A)(iii).  The Supreme Court has held that "factual findings" encompass factually based conclusions and opinions.  *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 162 (1988).  There is also no requirement that the investigator charged with making the "factual findings" have personal knowledge of the incident; it is enough that the report embody the results of his investigation.  *Combs v. Wilkinson*, 315 F.3d 548, 555-56 (6th Cir. 2002) (quoting *2 McCormick on Evidence* § 296 (5th ed. 1999)).

Here, the Use of Less Lethal Force Reports prepared by the supervising officer on the day of the incident are admissible under the public records exception unless the source of information or other circumstances indicate a lack of trustworthiness.  Rule 803(8)(B), Fed. R. Evid.  The Advisory Committee notes suggest that a court should consider the following four factors in determining whether a report is trustworthy: (1) timeliness of the investigation; (2) the special skill or experience of the investigator; (3) whether a hearing was conducted; and (4) possible motivational problems.  Advisory Comm. Notes, 1972 Proposed Rules.  Plaintiff's motion addresses only the last of these factors - possible motivational problems.

There is no dispute the investigation was timely.  It was conducted by the officers' supervisors,

who presumably would have the requisite experience to perform the investigation.  No hearing was

conducted but the courts have held that no hearing is necessary when the other indicia of trustworthiness

are present.  *See Chavez v. Carrranza*, 559 F.3d 486, 496 (6th Cir. 2009).  However, as with the incident

reports discussed above, the Court finds that possible motivational problems render these reports

inadmissible.  Two of the reports were prepared by Sgt. St. John, a defendant in this case, as the

supervisor of Defendants Matthews and Carroll, all of whom were well aware that Plaintiff had been

injured by the actions of one or more of the officers and was being taken to the hospital.  The third report

indicates that it was prepared by Sgt. Holton, who was Sgt. St. John's supervisor.  Given the self-interest

of the officers involved in the incident, the Court finds that these reports should be excluded as

untrustworthy.

### C. The Family Violence Report

The last report is the Family Violence Report prepared by Officer Carroll on the date of the

incident.  The Court finds that it is admissible under the public records exception to the hearsay rule,

Rule 803(8)(A).  Unlike the Use of Less Lethal Force Reports, this report does not contain any

conclusions about the conduct of the officers. It is simply a report listing the victim, the offender,

whether there was an arrest, the relationship of the parties to one another, and whether there was liquor

or drugs involved.  These are factual matters that Officer Carroll would have observed.  Therefore, the

Court concludes that this report is admissible.

### V.  Testimony of American Response Employees Handel and Marvin, Dr. Cynthia Price, and Hartford Hospital PA Andrew Baginski

Last, Plaintiff seeks to exclude the testimony of American Response Employees Handel and

Marvin, Dr. Cynthia Price, and Hartford Hospital PA Andrew Baginski on the ground that they were

never disclosed as fact or expert witnesses by Defendants, as required by Rule 26(a), Fed. R. Civ. P.

Defendants respond that they did not know of these witnesses until Plaintiff provided his medical

records, which revealed the names of these individuals. Since the identity of these medical providers was produced by Plaintiff, Defendants maintain there was no duty to "re-disclose" them to Plaintiff in a supplemental disclosure.

Although Plaintiff has included this request in his motion in limine, in actuality what he is seeking is relief under Rule 37(c), Fed. R. Civ. P., which provides in relevant part:

> If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness . . . at a trial, unless the failure was substantially justified or is harmless.

Rule 37(c)(1), Fed. R. Civ. P.

As Defendants point out, the identities of these witnesses were known to Plaintiff well before they were known to Defendants.  Under Rule 26(a)(1)(E), Fed. R. Civ. P., a party's initial disclosure obligation extends only to "information then reasonably available to it."   While parties are required to supplement their initial Rule 26(a) disclosures if the additional information has not been made known to the other parties, *see* Rule 26(e)(1)(A), Fed. R. Civ. P., here the identity of the witnesses and their relevant knowledge was already known to Plaintiff.

Additionally, these witnesses' testimony could have been reasonably anticipated by Plaintiff, and any non-disclosure was harmless.  *See Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006); *Newman v. GHS Osteopathic*, 60 F.3d 153, 156 (3d Cir. 1995).  Finally, Defendants disclosed these individuals as potential witnesses more than eight months prior to trial, so there can be no prejudice to Plaintiff.  Therefore, Plaintiff's motion in limine to preclude their testimony is denied.

### Conclusion

Therefore, for the reasons discussed above, Plaintiff's Motion in Limine [Doc. # 93] will be GRANTED IN PART AND DENIED IN PART.  Defendants will be precluded from introducing the testimony of Officers Fogg and Hernandez, the narrative sections of the Incident Reports, and Use of Less Lethal Force Reports.  In all other respects, the motion is denied.

SO ORDERED, this __23rd__ day of September, 2014, at Bridgeport, Connecticut.


      /s/ *William I. Garfinkel*

WILLIAM I. GARFINKEL
United States Magistrate Judge