UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PHILIP KOKOSKA

    Plaintiff,

    v.

CITY OF HARTFORD, et al.

    Defendants.

No. 3:12-cv-01111 (WIG)

RULING ON DEFENDANTS' MOTIONS IN LIMINE  [#102, #103, #104, #105, #106]

Plaintiff, Philip Kokoska, brings this action against the City of Hartford and individual members of the City's Police Department (collectively "Defendants") under 42 U.S.C. § 1983, the Connecticut Constitution, and Connecticut common law for damages he allegedly sustained as a result of Defendants' illegal search and seizure and use of excessive force in connection with his arrest on November 25, 2010.  Defendants have filed five joint motions in limine to preclude the introduction of evidence at trial.  For the following reasons, Defendants' motion in limine regarding the written statement of Jill Carone [Doc. # 102] is GRANTED; Defendants' motion in limine regarding certain references in the medical records [Doc. # 103] is GRANTED IN PART AND DENIED IN PART; Defendants' motion regarding Plaintiff's lay testimony concerning psychological diagnoses and causation [Doc. # 104] is GRANTED; Defendants' motion in limine regarding Dr. Shifreen's testimony [Doc. # 105] is DENIED; and Defendants' motion regarding Hartford Police Department policies [Doc. # 106] is GRANTED.

**I. Defendants' Motion in Limine Regarding Written Statement of Jill Caron [Doc. # 102]**

Defendants first move to exclude the written statement of Ms. Jill Caron, Plaintiff's ex-girlfriend, who was present during the altercation and Plaintiff's arrest. Defendants argue that the statement is hearsay, contains impermissible lay opinions about the reasonableness of Defendants' conduct and about Plaintiff's injuries, contains improper evidence as to Plaintiff's character, contains hearsay statements of an unidentified police officer, and contains portions that are irrelevant and unduly prejudicial. Plaintiff responds that Caron's statement falls under the hearsay exceptions of present sense impression and recorded recollection, that her opinions about the officers' conduct and Plaintiff's injuries are on matters that do not require an expert opinion, and that the statement by the unidentified police officer is by a party opponent or by a party agent or employee. The Court agrees with Defendants that the statement is hearsay and should be excluded.

Caron's statement is clearly an out-of-court statement going to the truth of the matters asserted, namely, that Plaintiff was on the ground bleeding, was tasered, was not resisting, that the "violence against [Plaintiff] was completely unnecessary[,] and that the officers seemed completely out of control." As such, it meets the definition of hearsay. *See* Fed. R. Evid. 801(c). The undated statement does not fall within the present sense impression exception of Rule 803(1) because Plaintiff does not state that Caron wrote it "while or immediately after" she perceived the arrest as required by Rule 803(1). "The key to this hearsay exception is the time factor." 3 Martin A. Schwartz, *Section 1983 Litigation – Federal Evidence* § 10.05[B](1) (5th ed. 2013). Indeed, the statement gives the impression that some time had lapsed since the events in question before it was written. The statement also does not fall under the recorded recollection exception because Plaintiff does not state that Caron "cannot recall well enough to

2

testify fully and accurately" about the events as required by Rule 803(5).

Plaintiff also argues that Caron's statements are on matters that do not require an expert opinion, such as her opinions about the officers' conduct and the permanency of Plaintiff's scars. While Ms. Caron may be able to testify to these matters at the trial, where she will be subject to cross-examination, her testimony cannot come in through this unsworn, undated statement, which is hearsay. Likewise, as to her statements about what another officer told her, these statements constitute hearsay-within-hearsay and are not admissible.

Therefore, Defendants' motion in limine to exclude Caron's written statement is GRANTED.

## II.  Defendants' Motion in Limine Regarding Hearsay Statements in Medical Records [Doc. # 103]

Defendants next move to exclude certain statements from Plaintiff's medical records that reflect that Plaintiff was "assaulted" or "beaten" on the grounds that they are hearsay and unduly prejudicial. While Defendants concede that the medical records in general may be admissible under Rule 803(4)'s medical treatment or diagnosis exception to the hearsay rule, they maintain that the characterization of the events is a statement of fault by Defendants and is therefore inadmissible. Defendants further argue that the statements are cumulative and unduly prejudicial. Plaintiff responds that the statements including the words "assaulted" or "beaten" do not constitute statements of fault.

A hearsay statement "that is made for – and . . . reasonably pertinent to – medical diagnosis or treatment; and describes medical history; past or present symptoms or sensations; their inception; or their general cause" is admissible under Rule 803(4)'s exception to the hearsay rule. The Advisory Committee Notes regarding the medical diagnosis exception provide

that statements of the patient's condition are exempted from the hearsay rule because of the patient's strong motivation to be truthful in order to obtain the appropriate diagnosis and treatment.  Fed. R. Evid. 803(4), Advisory Comm. Notes, 1972 Proposed Rules; *see White v. Illinois,* 502 U.S. 346, 356 (1992).  The Notes further explain that statements that go beyond causation, however, and assign fault for a medical condition are not excepted.  *Id*.  So long as the identity of the perpetrator is not disclosed, "a patient's statement describing how an injury occurred is pertinent to a physician's diagnosis and treatment."  *United States v. Gabe,* 237 F.3d 954, 957-58 (8th Cir. 2001).

At least one trial court in this Circuit has recently held that statements by a party to medical providers that he was "assaulted" and "beaten" "support an inference of cause more than fault" and, therefore, are admissible.  *Johnson v. Tuffey*, No. 9:01-CV-1907, 2011 WL 4345285, at *5 (N.D.N.Y. Sept. 15, 2011).  However, the court distinguished other statements, that plaintiff was "assaulted by the APD" or "beaten by the APD," as inadmissible because they went to fault.  *Id.*  The Court agrees with the reasoning in *Johnson* and concludes that references in the medical records to Plaintiff's having been "assaulted" or "beaten" fall within Rule 803(4)'s medical treatment or diagnosis exception to the hearsay rule.  However, where the medical records indicate that Plaintiff was assaulted or beaten by the police, those references must be excluded.

At this time, the Court disagrees with Defendants that the prejudicial effect of the statements at issue will outweigh their probative value.  Defendants are free to renew their objection at trial in the context of the other evidence presented.

Defendants' motion to exclude the references in Plaintiff's medical records to his having been "assaulted" or "beaten" on hearsay grounds is hereby DENIED but GRANTED to the

extent that the statements refer to the perpetrator of the acts.

**III**.  **Defendants' Motion in Limine Regarding Lay Testimony of Medical Conditions [Doc. # 104]**

Defendants next move to preclude Plaintiff from introducing testimony regarding his alleged injuries that have not been diagnosed by a qualified medical professional or for which there have not been supporting medical records produced.  Plaintiff responds that he does not intend to introduce any testimony concerning undiagnosed physical injuries, so the Court addresses only the issue surrounding Plaintiff's testimony about his emotional distress.

The Court does not construe Defendants' motion as arguing that Plaintiff may not testify about his own mental condition relative to the events giving rise to this claim.  It would clearly be admissible for Plaintiff to testify as to his emotional or mental state following the incident. *See, e.g.*, *Patino v. Birken Mfg. Co.*, 304 Conn. 679, 707 (2012) (affirming verdict for plaintiff who testified at trial that workplace harassment made him "angry, sad, and humiliated, and feeling diminished.")  Although Plaintiff's testimony, standing alone, may be insufficient as a matter of law to support a claim for emotional distress damages under § 1983, *see, e.g.*, *Patrolmen's Benevolent Ass'n of City of NewYork v. City of New York*, 310 F.3d 43, 55-56 (2002), that is entirely a separate inquiry from whether such testimony is admissible.

Rather, the Court construes Defendants as arguing that Plaintiff, as a layman, may not testify that he suffers from a particular psychological condition as a result of the incident without an accompanying diagnosis by a qualified medical professional and an expoert opinion as to the cause of this condition.  The Court agrees.  *See* Rule 701, Fed. R. Evid. ("If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is . . . (c) not based on scientific, technical, or other specialized knowledge").  As the Second Circuit held in

5

*Barnes v. Anderson,* 202 F.3d 150, 159 (2d Cir. 1999), "expert medical opinion evidence is usually required to show the cause of an injury or disease because the medical effect on the human system of the infliction of injuries is generally not within the sphere of the common knowledge of the lay person." *See also Gold v. Dalkon Shield Claimants Trust,* No. B-82-cv-383, 1998 WL 351456, at *3 (D. Conn. June 15, 1998) ("Expert testimony is required when the factual content of the underlying issues is not found within the layperson's common knowledge and experience.").

In the absence of expert testimony or medical records, Plaintiff may not testify that he suffers from a particular psychological diagnosis or that such psychological condition is causally related to the events giving rise to this claim. This holding, however, does not preclude Plaintiff's testimony as to the emotional distress that he suffered or the testimony of others as to their observations of Plaintiff following the incident in question. *See Patrolmen's Benevolent Ass'n,* 310 F.3d at 56. Defendants' motion is therefore GRANTED.

**IV. Defendants' Motion in Limine Regarding Plaintiff's Experts Kearns and Shifreen [Doc. # 105]**

Defendants move to preclude all testimony from Tom Kearns, LMSW, and the testimony of Dr. Steven Shifreen, M.D., relating to the permanency of any injuries Plaintiff suffered as a result of the incident. As Plaintiff's counsel has represented that he does not intend to introduce testimony of Mr. Kearns, the Court declines to address the admissibility of any testimony he would give.

As for Dr. Shifreen, Defendants argue that because Dr. Shifreen examined Plaintiff only once, just eight days after the incident, he is not equipped to testify as to the permanency of Plaintiff's alleged injuries. The Court disagrees with Defendants that any testimony he may give

would "not [be] supported by sufficient facts or data" or would not be the "product of reliable principles and methods." Defendants will have the opportunity to cross-examine Dr. Shifreen if Plaintiff calls him at trial. The number of occasions on which he saw Plaintiff, as well as the timing of those visits, goes to the weight to be afforded his testimony. The Court, however, will not preclude him from testifying. Defendants' motion is DENIED.

## V. Defendants' Motion in Limine Regarding Hartford Police Department Policies [Doc. # 106]

Finally, Defendants move to exclude two Hartford Police Department policies entitled "Hartford Police General Order 1-24 re TASERs" and "Hartford Police General Order 7-27 Less Lethal Force" on the ground that they are irrelevant and unduly prejudicial to Plaintiff's § 1983 excessive force claim because the standard under the Fourth Amendment is whether the force employed was "objectively reasonable," *see Graham v. Connor,* 490 U.S. 386, 396 (1989), regardless of the stated policies of the Department.

In *Whren v. United States,* 517 U.S. 806, 815-16 (1996), the Supreme Court addressed the use of police manuals and standard procedures to evaluate what a "reasonable officer" would do under the Fourth Amendment in the context of a traffic stop. The Court concluded that because police rules, practices, and regulations vary from place to place and from time to time, they are an unreliable gauge by which to measure the objective reasonableness of police conduct. *Id.* Although *Whren* involved the constitutionality of searches rather than excessive force, this Court in *Roguz v. Walsh,* No. 09cv1052, 2013 WL 1498126, at *8 (D. Conn. Apr. 15, 2013), held that the same standard would apply, since both inquiries involved an evaluation of the reasonableness of the officer's conduct under the Fourth Amendment. Because the police department's policies were "not a substitute for a constitutional standard and that violation of or

compliance with the City's policies [could] not replace the Fourth Amendment inquiry," this Court ruled that the City's policies were not relevant to the plaintiff's excessive force claim. *Id.* Likewise, in *Thompson v. City of Chicago,* 472 F.3d 444 (7th Cir. 2006), cited by Plaintiff, the Seventh Circuit held that the police department's general order regarding the use of force was not relevant to the issue of whether the police officer violated the suspect's Fourth Amendment rights by using excessive force in apprehending him. *Id.* at 454; *see generally* 3 Martin A. Schwartz, *Section 1983 Litigation – Federal Evidence* § 1.04[C][15] (5th ed. 2013) ("[T]he circuit courts have consistently rejected attempts by plaintiffs to demonstrate that the defendant officer failed to follow police department guidelines or proper procedure.")  Accordingly, based on this authority, the Court GRANTS Defendants' Motion in Limine to exclude this evidence on Plaintiff's § 1983 claim.[1]

SO ORDERED, this      23rd      day of September, 2014, at Bridgeport, Connecticut.

        /s/ *William I. Garfinkel*
        WILLIAM I. GARFINKEL
        United States Magistrate Judge

---

[1] Plaintiff argues that these procedures are relevant to the issues of qualified immunity and governmental immunity.  That issue was not presented by Defendants' Motion in Limine, which was limited to the exclusion of this evidence as to Plaintiff's excessive force claim.