UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PHILIP KOKOSKA,

    Plaintiff,

        vs.                                No. 3:12cv1111(WIG)

OFFICER J. CARROLL,
OFFICER GEORGE MATTHEWS,
OFFICER MAURICE WASHINGTON,
and
SERGEANT ST. JOHN,

    Defendants.
_____X

RULING ON PLAINTIFF'S MOTION IN LIMINE [#145]

    Plaintiff, Philip Kokoska, brings this action against individual members of the Hartford Police Department (collectively "Defendants") under 42 U.S.C. § 1983 for damages he allegedly sustained as a result of Defendants' use of excessive force in connection with his arrest on November 25, 2010. Plaintiff has filed a motion *in limine* [Doc. # 145] to exclude evidence of his blood alcohol content on the date of the incident. For the following reasons, Plaintiff's motion is DENIED.

**Background**

    This case arises out of the arrest of Plaintiff on November 25, 2010. Plaintiff was injured during his interaction with the police officers and, after he was taken under arrest, was transported to Hartford Hospital. At the hospital, two breathalyzer tests were taken by Physician's Assistant Andrew Baginski to measure Plaintiff's blood alcohol content ("BAC").

1

The first test was taken at 1:53 a.m. and shows a BAC of .196.  The second test, which was taken at 5:38 a.m., shows a BAC of .133.

## Discussion

<u>1. Timeliness of Plaintiff's Motion</u>

The Court first notes that the evidence Plaintiff now seeks to exclude is contained within a medical record *Plaintiff* included on his exhibit list in the parties' Joint Trial Memorandum submitted on February 7, 2014, over a year ago.  Plaintiff lists, as his exhibit 4, "Report from Hartford Hospital that includes the two breathalizer testings [sic] dated 11/25/10."  Plaintiff made no indication of an intent to redact any information from this document.

In addition, Plaintiff's counsel failed to timely file this motion *in limine* in compliance with the Court's scheduling orders.  Motions *in limine* should be filed along with the Joint Trial Memorandum, which was due on February 7, 2014.  [Docs. #91, 92].  After this case was transferred to Magistrate Judge Garfinkel, the Court issued a Trial Scheduling Order on August 4, 2014.  [Doc. # 129].  This Order required any amendment to the submitted Joint Trial Memorandum to be filed no later than February 2, 2015.  Plaintiff did not raise the objection which is the subject of his present motion *in limine* until the parties were request by the Court to submit a brief summary of points for discussion at the February 23, 2015 final pre-trial conference.

The Defendants, and the Court, relied – and had every right to rely – on the representations Plaintiff made in the Joint Trial Memorandum that this evidence was not in dispute.  Now, on the proverbial eve of trial, Plaintiff takes the position that this evidence should be excluded.  Plaintiff's counsel's carelessness and tardiness surrounding this dispute is disappointing.  That the motion *in limine* is untimely is reason alone to deny it.  *See Garcia v.*

2

*BAE Cleaners Inc.*, No. 10 CIV. 7804 KBF, 2012 WL 98511, at *1 (S.D.N.Y. Jan. 11, 2012) (a motion that is untimely can be denied "on that basis alone."); *Lupe v. Shinseki*, No. 1:10-CV-198 MAD/ATB, 2013 WL 592669, at *5 (N.D.N.Y. Feb. 14, 2013) (denying defendant's motion *in limine* as untimely when defendant failed to seek leave to file the motion beyond the deadline and failed to explain the delay in filing); *Chepilko v. City of New York*, 562 F. App'x 36, 36-37 (2d Cir. 2014) (finding no abuse of discretion when the district court failed to consider an untimely filing).

There are additional reasons why Plaintiff's motion should be denied.

<u>2. The Connecticut statute and regulations upon which Plaintiff relies are inapplicable to this case</u>

Plaintiff first argues that the breathalyzer tests are not reliable under Federal Rule of Evidence 702 because they did not comply with the requirements of Connecticut General Statues Section 14-227a.  This argument is entirely without merit.

Subsection (a) of Conn. Gen. Stat. § 14-227a describes the criminal offense of operating a motor vehicle while under the influence of alcohol:  "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both."  Subsection (b) of the statute sets forth admissibility requirements for chemical analysis of "*the defendant's* breath, blood or urine" in "any *criminal prosecution* for violation of subsection (a) of this section" (emphasis added).  Subsection (b) also specifies that, for a test to be admissible in such criminal prosecutions, the test must be "performed by or at the direction of a *police officer*…" (emphasis added).  The statute, on its face, is limited to criminal prosecutions for violation of the statute and addresses the administration of BAC testing by police officers in motor vehicle cases.  This language makes clear that the statutory provisions are inapplicable to civil case such as this one.

3

In addition, the Connecticut Supreme Court and Appellate Court further elucidate that § 14-227a applies only to criminal prosecutions under § 14-227a. *State v. Singleton*, 174 Conn. 112, 115-16 (1977) held that the procedural requirements of §14-227a were not applicable to the offense of "Misconduct with a motor vehicle" because the clear language of § 14-227a applies only to "any criminal prosecution for a violation of §14-227a(a) the offense of operating a motor vehicle while under the influence of intoxicating liquor or drugs or both." This holding has been applied by the Appellate Court to strictly limit the procedural requirements of § 14-227a to criminal prosecutions brought pursuant to that statute. *See Futterleib v. Mr. Happy's, Inc.*, 16 Conn. App. 497, 507 (1988) (procedural requirements of § 14-227a do not apply to civil cases); *Coble v. Maloney*, 34 Conn. App. 655, 665 (1994) ("The procedural requirements set forth in § 14-227a(c) for the admissibility of blood alcohol tests have not been extended to actions brought pursuant to other statutes.").

Next, Plaintiff claims that the breathalyzer tests are unreliable because they did not comply with Connecticut regulations promulgated by the Commissioner of Emergency Services and Public Protection. Here, too, Plaintiff's argument is assuredly misplaced. The regulations to which Plaintiff cites, by their express terms, "shall not apply to samples collected and analyzed for other purposes, such as medical diagnostic testing." Conn. Agencies Regs. § 14-227a-2b. Notably, Plaintiff's counsel failed to address this language in his brief, despite incorporating numerous citations to the regulations in his argument. The regulations, like § 14-227a, are not applicable to the instant case where medical personnel administered the testing for diagnostic purposes. *See State v. Lee*, 138 Conn. App. 420, 432 (2012) (holding that in adopting §§ 14-227a-1b -14-227a-10b to regulate forensic chemical testing of blood, breath and urine taken from motor vehicle operators, and making these regulations inapplicable to "samples collected and

4

analyzed for other purposes, such as medical diagnostic testing," the Commissioner "determined that it is not necessary to adopt regulations for samples collected and analyzed for the purpose of medical diagnostic testing.").

Plaintiff's sole basis for his argument that the proffered breathalyzer tests are unreliable is that they fail to comply with Conn. Gen. Stat. §14-227a and Conn. Agencies Regs. §§14-227a-1b-10b.  For the reasons discussed above, this argument must fail.  Fed. R. Evid. 702 permits an expert to testify when the testimony is the product of reliable principles and methods, and when the expert has reliably applied the principles and methods to the facts of the case.  Plaintiff has not made any viable argument that the evidence in the Hartford Hospital records, which Defendant plans to introduce through expert testimony, is unreliable.  On cross examination Plaintiff is free to explore issues of accuracy and reliability surrounding the administration of the tests, but the Court finds that the evidence complies with Fed. R. Evid. 702 and is admissible.

### 3. The probative value of the breathalyzer tests

Plaintiff also argues that the breathalyzer tests should be excluded under Fed. R. Evid. 403 as unduly prejudicial.  Under Rule 403, the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice.  That standard is not met here.

The paramount issue in this case is whether the defendants used excessive force in their arrest of the plaintiff.  The jury will have to decide whether the police officers' conduct was reasonable "in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 396 (1989).  One of the facts and circumstances confronting the officers was Plaintiff's alleged intoxication and how it may have influenced his actions and behavior.  Thus, evidence of

Plaintiff's BAC on the date of the incident is highly probative[1]. *See More v. City of Braidwood*, No. 08 C 5203, 2010 WL 3547964, at *3 (N.D. Ill. Sept. 7, 2010) ("The plaintiff's behavior, which includes whether he was under the influence of alcohol during the incident in question…, is relevant to the officers' state of mind and the excessive force inquiry."); *Ward v. Tinsley*, No. 1:10-CV-329, 2011 WL 6151602, at *6 (N.D. Ind. Dec. 12, 2011) (holding that the prejudicial impact of evidence of plaintiff's intoxication in an excessive force case was substantially outweighed by its probative value because it "helps to explain the facts and circumstances that Defendants confronted before, during, and after the arrest."); *Lopez v. Aitken*, No. 07-CV-2028-JLS-WMC, 2011 WL 672798, at *1-2 (S.D. Cal. Feb. 18, 2011) (evidence of plaintiff's intoxication in an excessive force case is probative of whether plaintiff was behaving in an irrational and unpredictable manner during the incident).

In addition, the evidence is highly probative of Plaintiff's credibility because it reflects on his ability to perceive and recall the events of his arrest. *See Giannini v. Ford Motor Co.*, 616 F. Supp. 2d 219, 224 (D. Conn. 2007) ("Evidence of intoxication, however, is a permissible ground for impeachment of the plaintiff's ability to observe and recall critical events.").

## Conclusion

For the reasons discussed above, Plaintiff's Motion *in Limine* [Doc. # 145] will be DENIED. Evidence of Plaintiff's blood alcohol content on the date of the incident contained within Plaintiff's medical records may be admitted.

---

[1] As the Court made clear at the pre-trial conference, any mention of Plaintiff's use of alcohol on other occasions, or any reference to an opinion that Plaintiff is or may be an alcoholic would be unduly prejudicial and irrelevant, and may not be introduced.

SO ORDERED, this   6th   day of March, 2015, at Bridgeport, Connecticut.

                                          */s/ William I. Garfinkel*
                                          WILLIAM I. GARFINKEL
                                          United States Magistrate Judge